UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEAN A. MCDUFFIE,                                         :

                     Plaintiff,          :      <u>OPINION AND ORDER</u>

      -v.-                                               :      03 Civ. 8367 (GWG)

JAN S. WILNER A/K/A JON S. WILNER A/K/A                   :
JOHN S. WILNER, JB HUNT TRANSPORT,
INC., and RSK, CO.,                                       :

                    Defendants.        :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

<u>APPEARANCES</u>

Joseph Vozza, Esq.
910 East Boston Post Road
Mamaroneck, NY 10543
Attorney for Plaintiff

Matthew Marino
Newman Fitch Altheim Myers, P.C.
14 Wall Street, 22nd Floor
New York, NY 10005-2101
Attorney for Defendants Jan (a/k/a Jon, a/k/a John) S. Wilner and JB Hunt Transport, Inc.

Cynthia Dolan
Boeggeman, George, Hodges & Corde, P.C.
11 Martine Avenue
White Plains, NY 10606
Attorney for Defendant RSK, Co.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SEAN A. MCDUFFIE,                              :

                         Plaintiff,            :    OPINION AND ORDER

          -against-                            :    03 Civ. 8367 (GWG)

JAN S. WILNER A/K/A JON S. WILNER A/K/A        :
JOHN S. WILNER, JB HUNT TRANSPORT,
INC., and RSK CO.,                             :

                         Defendants.           :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sean A. McDuffie brought this personal injury action against defendants Jan S. Wilner a/k/a Jon S. Wilner a/k/a John S. Wilner and JB Hunt Transport, Inc. ("JB Hunt") in New York State Supreme Court, Bronx County. JB Hunt and Wilner removed the case to this Court pursuant to 28 U.S.C. § 1441(a). McDuffie later filed an Amended Complaint adding RSK, Co. as a defendant and asserting against it two claims for declaratory relief. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a)(1) because of the complete diversity among the parties. McDuffie alleges that he was injured in a motor vehicle accident caused by Wilner, who was driving a truck on behalf of his employer, JB Hunt.

Wilner and JB Hunt now move for summary judgment pursuant to Fed. R. Civ. P. 56 dismissing the complaint. RSK, the carrier that paid McDuffie worker's compensation benefits, moves for summary judgment seeking a ruling that Connecticut's Workers' Compensation Law applies to this matter and directing McDuffie to satisfy the full amount of RSK's lien on any judgment or settlement McDuffie may receive. McDuffie moves for summary judgment against

Wilner and JB Hunt on the issue of liability.

For the reasons stated below, McDuffie's motion is granted in part and denied in part, Wilner and JB Hunt's motion is denied, and RSK's motion is granted.

I. BACKGROUND

To determine the relevant facts, we turn to the parties' statements pursuant to Local Civil Rule 56.1(a). Each party purported to submit a statement of undisputed material facts in support of its motion. See Rule 56.1 Statement of Material Facts, filed Aug. 30, 2005 (Docket #43) ("Pl. 56.1"); Local Civil Rule 56.1 Statement ("Wilner-JB 56.1") (annexed to Notice of Motion, filed July 15, 2005 (Docket #35) ("Wilner-JB Mot.")); Rule 56.1 Statement of Material Facts and Memorandum of Law, filed Aug. 1, 2005 (Docket #37) ("RSK 56.1"), at 2-3. McDuffie's statement and the joint statement of Wilner and JB Hunt, however, do not contain citations to admissible evidence as required by Local Civil Rule 56.1(d). While the Court could simply deny their motions on this basis alone, see Amnesty Am. v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002) ("Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") (citing cases), it would be pointless to do so since the two statements are in agreement with respect to the essential facts of the underlying incident. See, e.g., Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").

RSK's Rule 56.1(a) statement, which relates to the issue of workers' compensation, contains citations to admissible evidence. Because no party submitted a statement controverting any of the factual assertions in RSK's statement, see Local Civil Rule 56.1(b), the facts

contained in RSK's Rule 56.1(a) statement are deemed admitted. See Local Civil Rule 56.1(c).

A. Facts

On October 14, 2003, McDuffie parked a tractor-trailer in a designated spot outside a Home Depot store so that the store's employees could unload the goods from his trailer. See Pl. 56.1 ¶ 1; RSK 56.1 ¶ 1. While the Home Depot employees were unloading the trailer, Pl. 56.1 ¶ 2 – or, in defendants' version, while McDuffie was waiting for this process to occur, Wilner-JB 56.1 ¶ 1 – McDuffie was "squatting in the rear sleeper cabin" of the trailer, Wilner-JB 56.1 ¶ 1. At the same time, Wilner was operating a tractor-trailer owned by his employer, JB Hunt, and was attempting to maneuver that trailer into the Home Depot loading dock in reverse. Pl. 56.1 ¶¶ 3-4. While reversing the trailer, Wilner caused the left front bumper of JB Hunt's trailer to strike the driver's side front bumper of McDuffie's stationary trailer. Id. ¶¶ 3, 5-6. When the vehicles collided, McDuffie was thrown forward in the rear of his trailer cabin causing him to strike his left shoulder against the interior of the cabin. Wilner-JB 56.1 ¶ 4.

At the time of the accident, McDuffie was a resident of Connecticut (as he remains today), and was employed by Anastasio & Sons Trucking Company, which is also located in the State of Connecticut. RSK 56.1 ¶ 2; see also Amended Complaint, filed Apr. 22, 2005 (Docket #30) ("Am. Compl."), ¶ 1. McDuffie's injuries arose out of and in the course of his employment, and thus were covered by Connecticut's Workers' Compensation Act. Id. (citing to Employer's First Report of Occupational Injury or Disease ("Injury Report") (reproduced as Ex. A to Notice of Motion, filed Aug. 1, 2005 (Docket #36) ("RSK Mot."))). After the accident, McDuffie requested workers' compensation benefits in Connecticut. Id. ¶ 1 (citing Injury Report). RSK was the workers' compensation carrier for McDuffie's employer. Id. ¶ 3.

Accordingly, RSK made payments on behalf of McDuffie through the Workers' Compensation Commission of Connecticut. Id. (citing to Display Financial Details ("RSK Payments") (reproduced as Ex. B to RSK Mot.)). After McDuffie filed the instant lawsuit in New York State court, RSK sent correspondence to McDuffie's counsel "asserting a lien on any recovery had by McDuffie in the amount of $60,284.44." Id. ¶ 4 (citing Letter fax from Maggie Luhn to Joe Vozza, dated Sept. 23, 2003 (reproduced as Ex. C to RSK Mot.)). RSK has now paid about $65,023.25 on behalf of McDuffie. See RSK Payments.

B. Procedural History

On September 24, 2003, McDuffie commenced the instant lawsuit in New York Supreme Court, Bronx County, asserting a claim of negligence against Wilner and JB Hunt. See Verified Complaint ("Compl.") (reproduced as Ex. A to Notice of Removal, filed Oct. 22, 2003 (Docket #1) ("Notice of Removal")), ¶¶ 16-17. On October 22, 2003, the defendants removed the action to this Court on the basis of diversity jurisdiction. See Notice of Removal. McDuffie filed an Amended Complaint on April 22, 2005, adding RSK as a defendant, and asserted two additional causes of action seeking a declaratory judgment, inter alia, as to whether RSK can assert a lien on McDuffie's recovery. See Am. Compl. ¶¶ 46, 55-58. In response to the Amended Complaint, Wilner and JB Hunt filed an amended answer. Amended Verified Answer, filed May 4, 2005 (Docket #31). RSK answered the Amended Complaint and included a counterclaim seeking a judgment reimbursing RSK for its workers' compensation payments. See Answer to Amended Complaint, dated June 14, 2005. McDuffie filed a reply to RSK's counterclaim. See Reply, filed June 20, 2005 (Docket #34).

Wilner and JB Hunt now move for summary judgment dismissing the complaint on the ground that New York's No-Fault Insurance Law applies and McDuffie fails to satisfy the "serious injury" exception to New York's bar on tort actions to recover non-economic damages arising from motor vehicle accidents.[1] McDuffie moves for summary judgment on the issue of liability against Wilner and JB Hunt.[2] RSK moves for summary judgment on the grounds that Connecticut General Statute § 31-293(a) grants RSK a lien on any judgment or settlement McDuffie may receive, and that McDuffie must satisfy the full amount of the lien.[3] After setting

---

[1] See Wilner-JB Mot.; Memorandum of Law ("Wilner-JB Mem.") (annexed to Wilner-JB Mot.), at 3-5. McDuffie filed papers opposing defendants' motion. See Affirmation in Opposition to Defendants' Motion to Dismiss, filed Aug. 29, 2005 (Docket #42); Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment Seeking to Dismiss Plaintiff's Complaint on the Issue of "Serious Injury" Threshold, filed Aug. 29, 2005 (Docket #41). Thereafter, McDuffie supplemented his opposition papers with a signed copy of the deposition of Phillip Luchini, M.D. See Affirmation Supplementing Exhibit "B" of Plaintiff's Affirmation in Opposition to Defendants' Motion to Dismiss, filed Aug. 31, 2005 (Docket #44). Wilner and JB Hunt filed a reply. See Affirmation in Reply to Plaintiff's Opposition to Defendants' New York No-Fault Threshold Motion for Summary Judgment, filed Sept. 15, 2005 (Docket #48).

[2] See Notice of Cross Motion, filed Aug. 29, 2005 (Docket #38) ("Pl. Cross Mot."); Attorney Affirmation and Supporting Exhibits (annexed to Pl. Cross Mot.); Affidavit in Support of Cross-Motion ("McDuffie Aff.") (annexed to Pl. Cross Mot.). Wilner and JB Hunt filed papers opposing McDuffie's motion. See Affirmation in Opposition to Plaintiff's Cross-Motion for Summary Judgment as to the Issue of Defendants' Liability, filed Sept. 15, 2005 (Docket #47) ("Wilner-JB Opp. Aff."). McDuffie filed a reply. See Attorney Affirmation in Reply, filed Sept. 29, 2005 (Docket #50).

[3] See RSK Mot.; Rule 56.1 Statement of Material Facts and Memorandum of Law, filed Aug. 1, 2005 (Docket #37) ("RSK Mem."), at 4-11 (RSK submitted a correction to page 9 of its memorandum to the Court). McDuffie filed papers in response to RSK's motion. See Affirmation in Response to the Summary Judgment Motion of RSK Co., filed Aug. 29, 2005 (Docket #39); Memorandum of Law in Response to the Summary Judgment Motion of Defendant RSK Co., filed Aug. 29, 2005 (Docket #40) ("Pl. Mem. Resp. to RSK Mot."). Wilner and JB Hunt also responded to RSK's motion. See Affirmation in Response to RSK's Co.s' [sic] Motion and Plaintiff's Affirmation in Response, filed Sept. 15, 2005 (Docket #46). RSK filed a reply to both McDuffie's and the other defendants' responses to its motion. See RSK, Co.'s

forth the standard of review, we discuss each motion separately in Section II below.

C. <u>Standard of Review</u>

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact "may reasonably be resolved in favor of either party" and thus should be left to the finder of fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).

In determining whether a genuine issue of material fact exists, the evidence of the non-movant "is to be believed" and the court must draw "all justifiable inferences" in favor of the non-moving party. <u>Id.</u> at 255 (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a <u>genuine</u> <u>issue</u> <u>for</u> <u>trial</u>,'" <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation," <u>Scotto v. Almenas</u>, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." <u>Anderson</u>, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a

---

Opposition/Reply Affirmation, filed Sept. 21, 2005 (Docket #49).

showing sufficient to establish the existence of an element essential to [its] case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (quoting Celotex, 477 U.S. at 322) (internal quotation marks omitted) (alteration in original). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247-48).

II. DISCUSSION

    A. Liability

McDuffie's personal injury suit is before the Court as a diversity action and thus state substantive law is applicable. See DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (finding that in diversity cases, the federal courts are "bound to follow state law on any matter of substantive law") (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). A federal court exercising diversity jurisdiction must apply the choice of law principles of the forum state. Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-97 (1941); O'Connor v. Lee-Hy Paving Corp., 579 F.2d 194, 205 (2d Cir.), cert. denied, 439 U.S. 1034 (1978). "If conduct regulating rules are in conflict, New York law usually applies the law of the place of the tort." Lee v. Bankers Trust Co., 166 F.3d 540, 545 (2d Cir. 1999). New York was the site of the accident here and no party has suggested that the law of any other state should apply. Accordingly, we will apply New York law to the issue of liability.

In New York, negligence actions require proof of four elements: "[1] the existence of a duty, [2] the breach of which [3] may be considered the proximate cause of [4] the damages suffered by the injured party." Becker v. Schwartz, 46 N.Y.2d 401, 410 (1978) (citations

7

omitted and bracketing added). If a vehicle is being operated with the owner's permission, the owner is vicariously liable for injuries resulting from the negligent use of that vehicle. N.Y. Veh. & Traff. Law § 388(1). An employer is also vicariously liable under the doctrine of respondeat superior for injuries resulting from the negligence of employees acting within the scope of their employment. Judith M. v. Sisters of Charity Hosp., 93 N.Y.2d 932, 933 (1999); Lundberg v. State of New York, 25 N.Y.2d 467, 470 (1969). Thus, in the event Wilner was negligent, JB Hunt is liable both as the owner of the vehicle and as Wilner's employer.

"A collision with a stationary vehicle amounts to prima facie evidence of negligence on the part of the operator of the moving vehicle. That operator, being in the best position to explain whether the collision was due to reasonable cause, is obligated to explain how the accident occurred." Guzman v. Schiavone Const. Co., 4 A.D.3d 150, 150 (1st Dep't 2004) (citing Johnson v. Phillips, 261 A.D.2d 269, 271 (1st Dep't 1999)). This rule stems from a statutory duty "to maintain a safe distance between his vehicle and the one ahead" and "to be aware of traffic conditions, including vehicle stoppages." Id. (citing N.Y. Veh. & Traff. Law § 1129(a)).

Here, it is undisputed that the trailer operated by Wilner collided with McDuffie's stationary trailer, and that it was Wilner who caused this collision and the resulting injuries. See Pl. 56.1 ¶¶ 3-6. Consequently, Wilner's collision with McDuffie's stationary vehicle was prima facie evidence of Wilner's negligence.

Defendants argue that McDuffie was to blame for the accident on the ground that McDuffie admitted in his deposition that he "had parked his vehicle in the middle of the loading dock area in a place in which he had not been told to park on that day." Wilner-JB Opp. Aff. at

3. Indeed, McDuffie testified that no one told him to park in that area on that day, although someone had told him to park in that area for unloading during his previous trip to the store. See McDuffie Deposition, dated Oct. 18, 2004 (reproduced as Ex. A to Wilner-JB Mot.), at 21. It is undisputed, however, that McDuffie was in a "designated [parking] spot," Pl. 56.1 ¶ 1, and thus the fact that no one gave an explicit direction to McDuffie as to where to put his trailer on the day of the incident is irrelevant to whether Wilner deviated from his own duty of care when he struck McDuffie's trailer. Because defendants have provided no admissible testimony to support an explanation rebutting the prima facie case of negligence, plaintiff is entitled to summary judgment against Wilner on this issue. Similarly, he is entitled to summary judgment that JB Hunt is vicariously liable for that negligence.

As to the allegations in the Amended Complaint that Wilner acted recklessly, Am. Compl. ¶ 16, McDuffie has not set forth any facts in support of that allegation as required by Rule 56.1. See Rule 56.1(a). Since McDuffie bears the burden of proving this claim, see Cushing v. Seemann, 247 A.D.2d 891, 893 (4th Dep't 1998) (requiring a showing of a conscious, wilful, or wanton disregard of the rights of others in order for punitive damages to be recoverable); accord Sweeney v. McCormick, 159 A.D.2d 832, 834 (3d Dep't 1990); Taylor v. Dyer, 190 A.D.2d 902, 902 (3d Dep't 1993), he is not entitled to summary judgment with respect to any liability defendants were claimed to have incurred as a result of Wilner's alleged reckless actions.

B. Workers' Compensation Payments

We now turn to the issue of whether Connecticut's Workers' Compensation Law applies and if RSK has a lien on any judgment or settlement recovery McDuffie might have in this

9

lawsuit. As stated above, a federal court exercising diversity jurisdiction must apply the choice of law principles of the forum state. Klaxon, 313 U.S. at 496-97; O'Connor, 579 F.2d at 205. The law in New York on this choice of law issue is clear: "the rights of an employer and its insurance carrier to be reimbursed for workers' compensation benefits paid to an employee are governed by the law of the state in which the benefits were paid." Boyle v. Texasgulf Aviation, Inc., 696 F. Supp. 951, 953-54 (S.D.N.Y. 1988), aff'd, 875 F.2d 307 (2nd Cir. 1989). Here, McDuffie's compensation benefits were paid in Connecticut. See RSK 56.1 ¶¶ 1-3. Therefore, Connecticut's Workers' Compensation Law governs the lien issue in this case.

Connecticut law grants an insurance carrier a lien on any judgment or settlement received by an employee who has collected workers' compensation benefits from the insurance carrier for an injury that forms the basis of the judgment or settlement. The relevant statute provides:

> When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury, the injured employee may claim [workers'] compensation . . . , but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and . . . when . . . the injured employee has received compensation for the injury from [the] . . . workers' compensation insurance carrier . . . , the . . . insurance carrier . . . shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party, provided the . . . insurance carrier . . . shall give written notice of the lien to the party prior to such judgment or settlement.

Connecticut General Statute § 31-293(a). Here, RSK was the insurance carrier for McDuffie's employer, and RSK has paid $65,023.25 in workers' compensation benefits on behalf of McDuffie. RSK 56.1 ¶ 3; RSK Payments (Ex. B to RSK Mem.). No party has asserted that RSK has failed to provide proper notice of its lien. See RSK 56.1 ¶¶ 5, 6, 8. Therefore, RSK is entitled to a lien on any judgment or settlement that McDuffie receives in this case in the amount

10

of workers' compensation benefits paid on behalf of McDuffie, or $65,023.25. RSK Payments (Ex. B to RSK Mot.).

### C. New York No-Fault Insurance Law

We now turn to Wilner and JB Hunt's argument that the "serious injury" exception to New York's No-Fault Insurance Law applies. Before reaching this issue, however, we must determine if New York's No-Fault Insurance applies at all. Again, the choice of law rules in the forum State must be applied by a federal court exercising diversity jurisdiction. Klaxon, 313 U.S. at 496-97; O'Connor, 579 F.2d at 205.

In New York, "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." Matter of Allstate Ins. Co., 81 N.Y.2d 219, 223 (1993). To do this, a court must ascertain the relevant jurisdictions involved. Here, although JB Hunt and Wilner are domiciliaries of Arkansas and New Jersey, respectively, see Am. Compl. ¶¶ 2-3; Notice of Removal ¶ 2(a), (b), they contend that New York's No-Fault Insurance Law should apply since New York is the location of the accident, see Wilner-JB Mem. at 3. McDuffie contends that New York's No-Fault Insurance Law should not apply, but he does not specify which state's laws should apply. See Pl. Mem. Resp. to RSK Mot. at 3 (contending that if Connecticut's Workers' Compensation Law applies, New York's No-Fault Insurance Law should not apply).

New York's no-fault legislation allows an injured party to recover his or her basic economic loss up to $50,000 without regard to fault, but does not allow recovery of non-economic losses. New York Insurance Law § 5102(a), (b). However, a person who has sustained a "serious injury" may recover non-economic losses in a lawsuit, and there is no

11

limitation on the amount of that recovery. Id. § 5104(a).

Connecticut, New Jersey, and Arkansas, on the other hand, all allow tort actions to recover non-economic damages arising from motor vehicle accidents and do not necessarily impose a "serious injury" threshold. See Connecticut General Statutes Annotated § 38a-369 (noting repeal of Connecticut's prior no-fault law); Kranzler v. Austin, 189 Misc. 2d 369, 370 (N.Y. Sup. Ct. 2001) (New Jersey "allows the purchase of a no threshold option, for an increased premium, whereby the insured has no limitations on lawsuits and can sue for the noneconomic loss of pain and suffering for any injury, no matter how minor.") (citing N.J.S.A. 39:6A-8); accord Branca v. Matthews, 317 F. Supp. 2d 533, 539 (D.N.J. 2004) (describing New Jersey no-fault law generally, including the statute's "no limitation on lawsuit option");[4] McCann v. Somoza, 933 F. Supp. 362, 367 (S.D.N.Y. 1996); Ark. Code Ann. § 23-89-206 (West 2005) ("Tort liability arising from the ownership, maintenance, or use of a motor vehicle within [Arkansas] is retained."). Thus, there is a conflict of laws here.

When there is a conflict of laws, New York law requires an "interest analysis whereby controlling effect must be given to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." Bodea v. Trans Nat Express, Inc., 286 A.D.2d 5, 9 (4th Dep't 2001) (internal quotation marks omitted) (quoting Schultz v. Boy Scouts of Am., 65 N.Y.2d 189, 196

---

Wilner and JB Hunt do not assert that there would have been any limitation on McDuffie's recovery had the accident occurred in New Jersey. Notably, "a nonresident in a non-New Jersey registered or insured vehicle, injured in an accident in New Jersey . . . is not covered by or subject to the New Jersey no-fault law." Talron Enterprises, Inc. v. Garcia, 191 Misc. 2d 634, 636 (N.Y. City Civ. Ct. 2002) (internal quotation marks and citations omitted).

(1985)); accord Cooney v. Osgood Machinery, Inc., 81 N.Y.2d 66, 72 (1993). The court in Bodea was deciding whether New York's No-Fault Insurance Law applied or the no-fault laws of two other jurisdictions applied. Id. at 8.

"In applying the interest analysis test, we must first determine 'what are the significant contacts and in which jurisdiction are they located.'" Bodea, 286 A.D.2d at 9 (quoting Padula v. Lilarn Props. Corp., 84 N.Y.2d 519, 521 (1994). Here, as in Bodea, the significant contacts are the domiciles of the parties and the place of the tort. See id. McDuffie is a domiciliary of Connecticut, Wilner is a domiciliary of New Jersey, JB Hunt is a domiciliary of Arkansas, and the situs of the accident is New York. Am. Compl. ¶¶ 1-4; Notice of Removal ¶¶ 1-2. Next, we must determine whether the purpose of the laws is to regulate conduct or allocate loss. Bodea, 286 A.D.2d at 9. Where the conflicting laws are loss-allocating, a court should apply the so-called "Neumeier rules." Id. (citing Neumeier v. Kuehner, 31 N.Y.2d 121, 128 (1972). "Loss allocating laws are those that 'prohibit, assign, or limit liability after the tort occurs.'" Id. (quoting Padula, 84 N.Y.2d at 522). Laws relating to no-fault insurance are loss-allocating and thus we must determine which of the three Neumeier rules to apply. Id.

The first Neumeier rule applies when the parties share a common domicile; the second rule applies when the parties are domiciled in different states, the situs of the tort is in a state in which a party is domiciled, and "the local law favors the respective domiciliary"; the third rule is the fall-back rule. See Bodea, 286 A.D.2d at 10 (quoting Cooney, 81 N.Y.2d at 73); see also Neumeier, 31 N.Y.2d at 128. Here, as in Bodea, the third Neumeier rule applies because the parties are from different domiciliaries and none of them are from the state in which the tort occurred. See Bodea, 286 A.D.2d at 10-11. Under the third rule, the law of the situs of the tort

13

usually applies, unless "it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." Id. at 10 (quoting Neumier, 31 N.Y.2d at 128). Where the interest of the States in their respective laws are equal, "the situs of the tort is appropriate as a 'tie breaker' because that is the only [jurisdiction] with which [the] parties have purposefully associated themselves in a significant way." Id. (quoting Cooney, 81 N.Y.2d at 74).

In Bodea, the Court applied the third Neumeier rule and found that because New York was the situs of the tort, New York's No-Fault Insurance Law should apply. 286 A.D.2d at 11. However, in Bodea, the parties were from jurisdictions with conflicting laws, and the court found that by driving in New York both parties voluntarily subjected themselves to its laws and thus it was the only jurisdiction with which all parties purposefully associated themselves. Id.; see also Gilbert v. Seton Hall University, 332 F.3d 105, 111 (2d Cir. 2003) ("A primary reason that locus of the tort tips the balance, of course, is that ordinarily it is the place with which both parties have voluntarily associated themselves.") (applying the third Neumeier rule and quoting Cooney, 81 N.Y.2d at 77).

Here, however, the laws of the parties' domiciliaries are not in conflict with each other. Rather, the only conflict is between New York's laws and the laws of each of the states in which the parties are domiciled. New York has no interest in the loss allocation in this case since no party is domiciled in New York. Furthermore, applying Connecticut law, as we have already done for RSK's lien, will not disrupt the expectations of the parties since the laws of their respective jurisdictions are not in conflict with the relevant Connecticut laws. "[T]he New York

Court of Appeals has made it reasonably clear that the state in which the injury occurs has little interest in seeing its own loss allocation rules applied." Gilbert, 332 F.3d at 109-10 (citing Schultz, 65 N.Y.2d at 201). Thus, applying Connecticut law here would advance "the relevant substantive law purposes [of the jurisdictions in which the parties are domiciled] without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." Neumeier, 31 N.Y.2d at 128. This result is consistent in principle with cases that have applied foreign loss-allocating rules to accidents in New York where the parties to the accident were not domiciliaries of New York. See, e.g., Jean v. Francois, 168 Misc. 2d 48 (N.Y. Sup. Ct. 1996) (applying foreign loss-allocating laws under the first Neumeier rule where the site of the accident was in New York and the parties were from the same domiciliary); see also Datskow v. Teledyne Continental Motors Aircraft Prods., 807 F. Supp. 941, 943-44 (W.D.N.Y. 1992) (using the court's discretion under the third Neumeier rule to apply the loss-allocating laws of the decedents' jurisdiction rather than the conflicting laws of the defendants' domiciliary, the plaintiff's domiciliary, and the situs of the plane crash).

Accordingly, the Court will not dismiss this action based on the claim that McDuffie does not meet New York's "serious injury" threshold.

CONCLUSION

For the foregoing reasons, McDuffie's motion (Docket #38) is granted in part and denied in part, Wilner and JB Hunt's motion (Docket #35) is denied, and RSK's motion (Docket #36) is granted.

Specifically, McDuffie's motion for summary judgment is granted to the extent of finding Wilner and JB Hunt liable for McDuffie's injuries resulting from Wilner's negligence in

15

the accident. It is denied with respect to McDuffie's claim that Wilner acted recklessly. Wilner and JB Hunt's motion for summary judgment dismissing the Amended Complaint on the ground that McDuffie is barred by New York's No-Fault Insurance Law is denied. RSK's motion for summary judgment is granted, and thus RSK has a lien in the amount of $65,023.25 on any judgment or settlement recovery McDuffie might receive in this case.

SO ORDERED.

Dated: February 17, 2006
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Joseph Vozza, Esq.
910 East Boston Post Road
Mamaroneck, NY 10543
Attorney for Plaintiff

Matthew Marino
Newman Fitch Altheim Myers, P.C.
14 Wall Street, 22nd Floor
New York, NY 10005-2101
Attorney for Defendants Jan (a/k/a Jon, a/k/a John) S. Wilner and JB Hunt Transport, Inc.

Cynthia Dolan
Boeggeman, George, Hodges & Corde, P.C.
11 Martine Avenue
White Plains, NY 10606
Attorney for Defendant RSK, Co.

the accident. It is denied with respect to McDuffie's claim that Wilner acted recklessly. Wilner and JB Hunt's motion for summary judgment dismissing the Amended Complaint on the ground that McDuffie is barred by New York's No-Fault Insurance Law is denied. RSK's motion for summary judgment is granted, and thus RSK has a lien in the amount of $65,023.25 on any judgment or settlement recovery McDuffie might receive in this case.

SO ORDERED.

Dated: February 17, 2006
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Joseph Vozza, Esq.
910 East Boston Post Road
Mamaroneck, NY 10543
Attorney for Plaintiff

Matthew Marino
Newman Fitch Altheim Myers, P.C.
14 Wall Street, 22nd Floor
New York, NY 10005-2101
Attorney for Defendants Jan (a/k/a Jon, a/k/a John) S. Wilner and JB Hunt Transport, Inc.

Cynthia Dolan
Boeggeman, George, Hodges & Corde, P.C.
11 Martine Avenue
White Plains, NY 10606
Attorney for Defendant RSK, Co.